**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MARION ANDERSON, | Case No. 2:17-cv-01963-APG-VCF |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

Marion Anderson ("Plaintiff"), who was formerly in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). Plaintiff has paid the full filing fee of $400. ECF Nos. 1-3, 3. Therefore the application for *in forma pauperis* status is denied as moot. I now screen Plaintiff's civil rights complaint under 28 U.S.C. § 1915.

I.      **SCREENING STANDARD**

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma pauperis,* whether or not the plaintiff is incarcerated. *See Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl,* 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief

can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.,* 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept the well-pleaded allegations as true, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    SCREENING OF COMPLAINT

Plaintiff has filed a 114-page complaint with a 108-page attachment. ECF No. 1-1, 1-2. Plaintiff seems to try to incorporate text and allegations against specific defendants in his attachment. *See, e.g.*, ECF No. 1-1 at 9, referring to ECF No. 1-2 Attachment 36 for the Nature of the Case. Plaintiff sues 29 defendants, including prison staff, NDOC officials, and members of the Nevada Board of Parole. ECF No. 1-1 at 2-9. Plaintiff alleges 30

counts, including violations of the First Amendment (*see, e.g.*, *id.* at 10), Eighth Amendment (*see, e.g.*, *id.* at 14), and Fourteenth Amendment (*see, e.g.*, *id.* at 18). Plaintiff claims that he was wrongfully denied a variety of sentencing credits including statutory credits (*see, e.g.*, *id.* at 10), work credits (*see, e.g.*, *id.* at 22), programming credits (*see, e.g.*, *id.* at 34), and fiscal credits (*see, e.g.*, *id.* at 65). Plaintiff alleges that the illegal denial of such credits caused Plaintiff's sentence to be extended, and that the defendants generally engaged in the denial of credits in order to kidnap, falsely imprison, and extort Plaintiff's labor for profit. *See, e.g.*, *id.* at 13. Plaintiff seeks damages and injunctive relief. *Id.* at 110-113.

### A.    Short and Plain Statement

Under Federal Rule of Civil Procedure 8, Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* A 114-page complaint with a 108-page attachment, some of which is text apparently meant to be incorporated as part of the complaint, is not "short and plain." Further, the complaint must be complete in and of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff may submit exhibits in an attachment as evidentiary proof, but Plaintiff's complaint itself must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Further, Plaintiff frequently makes allegations against "Defendants" without stating what actions each individual defendant took that violated Plaintiff's civil rights. *See, e.g.*, CEF No. 1-1 at 12, paragraph 11, 12. Therefore, I dismiss Plaintiff's complaint without prejudice and with leave to amend.

////

////

3

**B.      Leave to Amend**

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint.  If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *Hal Roach Studios, Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").  Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.  Plaintiff's amended complaint must be entitled "First Amended Complaint."[1]

If Plaintiff chooses to file an amended complaint curing the deficiencies outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.  If Plaintiff chooses not to file an amended complaint curing the deficiencies, this action shall be dismissed without prejudice.

**C.      Causes of Action**

Plaintiff alleges sentencing credit claims under the First, Eighth, and Fourteenth Amendments in his complaint. *See, e.g.*, ECF No. 1-1 at 10, 14, 18.  Plaintiff is advised that he may potentially state a sentence credit claim only under the Fourteenth Amendment Due Process Clause.  Under the Fourteenth Amendment, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S, 1, 7 (1979).  However, "the Nevada statute providing for the accumulation of good time credits creates a protectible liberty interest that triggers the need for the due process protections . . . unless the inmate has committed serious misbehavior." *Reynolds v. Wolff*, 916 F. Supp. 1018, 1023 (D. Nev. 1996).  Unlike mandatory good time credits, work/study time credits are discretionary and are awarded in addition to the time credits for good behavior. *See Shapley v. Housewright*, 612 F. Supp.

---

[1] Plaintiff's Exhibit 36 (ECF No. 1-2 at 80) is much closer to what is considered a "short, plaint statement."

1   94, 99 (D. Nev. 1985).  Where the work/study credit rules vest discretion in the officials,

2   they create no due process liberty interest. *Neal v. Hargrave*, 770 F. Supp. 553, 558 (D.

3   Nev. 1991).  Any future claims related to sentencing credits that are based on the First or

4   Eighth Amendments may be dismissed with prejudice.

5   **III.    CONCLUSION**

6          It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF

7   No. 1) is denied as moot.

8          It is further ordered that the Clerk of the Court will file the complaint (ECF No. 1-1)

9   and send Plaintiff a courtesy copy of both the complaint (ECF No. 1-1) and the attachment

10  (ECF No. 1-2).

11         It is further ordered that the entirety of the complaint is dismissed, without prejudice,

12  and with leave to amend.

13         It is further ordered that the Clerk of the Court shall send to Plaintiff the approved

14  form for filing a § 1983 complaint, and instructions for the same.  If Plaintiff chooses to file

15  an amended complaint, he shall write the words "First Amended" above the words "Civil

16  Rights Complaint" in the caption.  If Plaintiff chooses to file an amended complaint, the

17  court will screen the amended complaint in a separate screening order.  The screening

18  process will take at least several months.

19         It is further ordered that if Plaintiff fails to file an amended complaint curing the

20  deficiencies outlined in this order within 60 days of entry of this order, this action shall be

21  dismissed without prejudice.

22         DATED THIS 9th day of July, 2018.

23

24                                             _____
                                               ANDREW P. GORDON
25                                             UNITED STATES DISTRICT JUDGE

26

27

28